[No. 17211. Department One. January 18, 1923.]

D. C. KEITH, *Respondent*, v. W. H. PEART *et al.*, *Appellants.*[1]

WITNESSES (81)—CROSS-EXAMINATION—IMMATERIAL MATTERS. In a broker's action for commissions, cross-examination to show the untruthfulness of his representations in his efforts to make a sale is properly excluded as immaterial.

BROKERS (11)—COMPENSATION — ABANDONMENT OF EMPLOYMENT. Where a broker did not cease his efforts to make a sale until after he was notified by the owners that they had entered into a contract during the term of his agency, an instruction on the subject of his abandonment of the agency is properly refused.

SAME (23, 30)—COMPENSATION—DEFAULT OR REFUSAL OF PURCHASER—DEFENSES. Owners cannot urge in defense to an action for a broker's commission, that the purchaser took only an option, which ultimately failed, where they put the purchaser in possession and notified the broker that a sale had been made, and rendered futile all efforts to make a sale.

[1]Reported in 212 Pac. 184.

Appeal from a judgment of the superior court for Lincoln county, Truax, J., entered December 15, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*John M. Gleeson,* for appellants.

*J. D. McCallum,* for respondent.

PARKER, J.—The plaintiff, Keith, seeks recovery of compensation from the defendants, Peart and wife, which he claims as commission upon a sale of a ranch belonging to them. This is the second appeal of this case to this court. The first trial resulted in the superior court's directing a verdict in favor of the plaintiff and the rendering of a judgment accordingly, from which the defendants appealed to this court. Upon that appeal the judgment so rendered was reversed and the defendants were awarded a new trial upon the ground that the trial court erroneously took from the jury the question of the plaintiff's being the efficient, procuring cause of the sale. *Keith v. Peart,* 115 Wash. 552, 197 Pac. 928. Several other claims of error made by the defendants upon that appeal were reviewed at length by this court in its decision, leaving, it seems to us, but little to be said at this time touching the law of the case. A new trial was accordingly had in the superior court, resulting in a verdict in favor of the plaintiff and a judgment rendered thereon accordingly, from which the defendants have again appealed to this court.

To review the facts of the case here would be but to unnecessarily repeat what was thoroughly done in that behalf in our decision upon the former appeal; since it appears to us that the evidence introduced upon the second trial is in substance the same as that introduced upon the first trial.

Upon the trial the purchaser, Shook, testified in substance that respondent, Keith, while endeavoring to make a sale of the ranch to him, had told him—which manifestly was only an expression of opinion—that the land would raise from fifteen to thirty bushels of wheat per acre during the coming season of 1920, this evidently for the purpose of inducing Shook to purchase the ranch. Counsel for appellants attempted by cross-examination of Shook to show that the place did not produce that much wheat per acre during the season of 1920. This was objected to by counsel for respondent as not proper cross-examination, his theory evidently being that whether respondent's expressed opinion proved to be true or not was immaterial. It is claimed that the prevention of this cross-examination by the ruling of the court was error to the prejudice of appellants. We do not think so. It was a comparatively insignificant matter at best; yet it had some bearing upon the question of the efforts which were put forth by respondent to sell the ranch to Shook, who afterwards entered into a purchase contract with appellants, the owners. That manifestly was its only purpose, and it was not error for the court to refuse to allow inquiry into the question of whether or not respondent's expression of opinion as to the quantity of wheat per acre the land would raise in the season of 1920 should thereafter prove correct.

Other assignments of error have to do with certain instructions requested by counsel for appellants to be given to the jury and by the court refused, in substance that if respondent abandoned his agency contract, that is, ceased his efforts to make a sale of the ranch in compliance with the terms of the contract, he cannot recover any compensation by way of commission. We think it sufficient to say, in response to this

claim of error, that the evidence does not call for any such instructions; since, as we view the record, there is no evidence to support a contention that respondent ceased his efforts to make a sale of the ranch in compliance with his agency contract until after appellants, as owners, had themselves entered into a contract for the sale of the ranch to Shook during the term of respondent's agency, and had notified respondent of that fact. If respondent ceased his efforts to consummate a sale of the ranch in compliance with his contract of agency with appellants, it was after they had informed him that they had sold the ranch to Shook. Respondent was not obliged to do anything more after he was so notified by appellants. The question still remained, as a question of fact, as to whether or not respondent was the efficient, procuring cause of the sale; as to which the jury found in his favor.

Some further contention is made that no sale of the land by appellants to Shook ever in fact took place, in that the only contract that was ever entered into between appellants and Shook was an option contract permitting Shook to purchase on certain terms, and that Shook thereafter abandoned the option. However this may be as between appellants and Shook, it is conclusive, we think, from the record that appellants communicated to respondent the fact that a sale had actually been made to Shook, in such manner as to plainly induce respondent to cease any further efforts to sell the ranch. We note that Shook went into possession of the land under whatever contract there was between him and appellants. Plainly, we think, appellants are not in a position to now urge that their contract, made with Shook looking to the sale of the land to him, ultimately failed of consummation. It did in any event, as communicated by appellants to respond-

ent, make futile all efforts on his part to make a sale to Shook or any one else. We think the case does not call for further discussion.

The judgment is affirmed.

HOLCOMB, MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.